# EXHIBIT

# 2



STATE OF OKLAHOMA
LOGAN COUNTY SS:
FILED FOR RECORD ON
2025-09-29 pm 01:26

**IN THE DISTRICT COURT OF LOGAN COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| PEPPERS RANCH, INC. an Oklahoma corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. CJ-2025-*228* |
| | ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY and RICH & CARTMILL, INC., an Oklahoma Corporation, | ) |
| | ) |
| Defendants. | ) |

## PETITION

Plaintiff, Peppers Ranch, Inc. ("Peppers Ranch") states the following claims against Philadelphia Indemnity Insurance Company ("PIIC") and Rich and Cartmill, Inc. ("RCI").

## JURISDICTION AND VENUE

1.     Peppers Ranch is an Oklahoma corporation that owns certain real property and residential structures and property in Logan County.

2.     Peppers Ranch is a non-profit organization that provides resources and services to foster parents to assist Oklahoma's abused and neglected children.

3.     Defendant PIIC is a foreign insurance company doing business in the State of Oklahoma and can be served with process through the Oklahoma Insurance Commissioner, 400 N.E. 50th St., Oklahoma City, OK 73105.

4.     Defendant RCI is an Oklahoma company, doing business in the state of Oklahoma, and can be served through its designated service agent, Vaughn Graham, Jr., in Tulsa, Oklahoma.

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Jurisdiction is proper in this matter as the actions giving rise to this lawsuit took place in Logan County, and venue is proper pursuant to Title 12 Okla. Stat. § § 134 and 137.

## **FACTUAL BACKGROUND**

7.      At all relevant times material hereto, Peppers Ranch was insured under a policy of insurance issued by PIIC, Policy No. PHPK2545595 (hereinafter the "Policy").

8.      On or about June 17, 2023, the subject insured property ("Insured Property") in Logan County, Oklahoma, was damaged as a result of a severe wind and hailstorm (the "Loss"), all while insured by PIIC, pursuant to the terms of the Policy.

9.      Defendant RCI, by and through its authorized agents and representatives, solicited and negotiated Peppers Ranch application for insurance which was issued by PIIC.

10.     Peppers Ranch reasonably relied upon the representations, skill and knowledge of RCI and its agents in the process of applying for, and renewing, the subject Policy.

11.     Peppers Ranch timely submitted a claim for the Loss to the PIIC and RCI and fully cooperated in the limited investigation conducted by PIIC and its agents and representatives, and otherwise fully complied with all conditions precedent to recovery under the Policy.

12.     Upon receipt of notice of the claim, PIIC sent independent adjusters to the property to inspect the roofs of the various insured buildings.  The inspection was not timely performed.

13.     The independent adjusters failed to perform an adequate or proper inspection, inspecting only two of the sixteen insured structures at issue, but did indicate that there was evidence of damage from the storm – even based on the inadequate inspection they conducted.

14.     Upon receipt of this information, PIIC improperly failed and refused to pay the monies owed for damage caused by the Loss and instead hired an engineer to conduct a further inspection and investigation of the Loss, all in an effort to avoid paying a valid and timely claim.

15.     PIIC ultimately denied the Loss, wrongfully indicating there was no damage from the storm, thereby breaching the terms of the Policy and acting in bad faith, thereby committing the tort of bad faith.

16.     Peppers Ranch was required to hire a third party to conduct an additional investigation and inspection of the damage from the storm.

17.     The third party found damage to all sixteen of the insured structures at issue.

18.     Upon receipt of the information from the third-party inspection, PIIC continued to act in bad faith, and continued to breach it obligations under the terms of the Policy, and Oklahoma law, by continuing its denial of the claim.

19.     PIIC subsequently agreed to a third inspection of the property.

20.     Following the third inspection, PIIC completely reversed its improper refusal to find a covered loss and concluded that the roofs of all sixteen of the insured structures at issue required replacement due to the covered Loss.

21.     To date, PIIC has failed and refused to pay the full amounts due and owing under the terms of the Policy.

22.     PIIC hired Engle Martin to investigate and assist in adjusting the Loss.

23.     Engle Martin and its employees acted on behalf of, and with full authority and agency of, PIIC at all times relevant herein.

24.     Engle Martin performed an improper and inadequate investigation and adjustment of the claim on behalf of PIIC.

25.     Engle Martin hired Newman Construction Company to assist in adjusting and evaluating the claim and Loss.

26.    Newman Construction Company performed an improper and inadequate investigation of the property, the Loss, and valuation of the property covered under the terms of the Policy.

27.    PIIC was aware of the improper and inadequate work performed by Engle Martin and Newman Construction Company and PIIC stood by and endorsed the incorrect and improper work and conclusions of Engle Martin and Newman Construction Company.

28.    PIIC kept the claim open and continued to refuse to release the payments due and owing Peppers Ranch.

29.    On June 23, 2025, PIIC, through its authorized agent and representative, Engle Martin, issued a formal denial of payment of all remaining monies and funds due and owing under the terms of the Policy.

30.    The decision of PIIC, and its agents, is incorrect and improper and based on incorrect assumptions and conclusions reached by PIIC.

31.    Prior to the date of the Loss, PIIC was aware of the Insured Property under the Policy and had the opportunity to inspect the Insured Property.

32.    Prior to June 23, 2025, PIIC never advised Peppers Ranch of any issues concerning the valuation of the Insured Property, and never requested Peppers Ranch alter or revise any valuations for each of the properties constituting the Insured Property.

33.    Prior to June 23, 2025, PIIC never advised Peppers Ranch of any issues with the calculation of the value of the Insured Property.

34.    During the process of application for coverage under the Policy, and any subsequent renewals of the Policy prior to the Loss, RCI and its agents never advised Peppers Ranch that the Insured Property was improperly or inadequately valued.

4

35.    Peppers Ranch relied upon the advice, counsel, instruction, and assistance of RCI and its agents in completing the application for the Policy and all subsequent renewals.

36.    Peppers Ranch relied on the representations and skill of RCI and believed RCI has the requisite knowledge, skill and expertise to properly procure the insurance coverage Peppers Ranch requested and was necessary to properly insure the Insured Property.

37.    PIIC has continued to accept the premium payments of Peppers Ranch, and had never, prior to the denial letter of June 23, 2025, advised Peppers Ranch that the Insured Property was improperly valued.

## COUNT I: BREACH OF CONTRACT AND
## BAD FAITH BREACH OF CONTRACT

38.    Peppers Ranch adopts and incorporates each and every allegation in the preceding paragraphs of this Petition.

39.    Peppers Ranch provided timely notice of the Loss to both RCI and PIIC.

40.    Peppers Ranch has materially complied with the terms and conditions of the Policy.

41.    PIIC breached the Policy by wrongfully denying coverage, delaying payment, refusing to make payments due and owing, and failing to provide benefits and coverages due and owing under the terms of Policy for covered damage to the property of Peppers Ranch.

42.    PIIC breached the contract and the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

      a.    Failing and refusing payment and other policy benefits on behalf of Peppers Ranch at a time when PIIC knew Peppers Ranch was entitled to benefits;

      b.    Failing to properly investigate the claims of Peppers Ranch and to obtain additional information;

      c.    Withholding benefits due and owing to Peppers Ranch;

d.  Forcing Peppers Ranch, pursuant to its standard claims practice, to retain counsel in order to secure benefits PIIC knew were due and owing;

e.  Hiring biased contractors and adjusters to aid in underpayment and wrongful denial of benefits owed;

43.  The actions and conduct of PIIC, its agents, representatives and contractors were made with reckless disregard for the rights of Peppers Ranch and/or were done with intent and malice and therefore Peppers Ranch is entitled to punitive damages.

44.  As a direct and proximate result of the acts complained of PIIC herein, Peppers Ranch has sustained damages allowed by law, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interest.

## COUNT II: BAD FAITH

45.  Peppers Ranch adopts and incorporates each and every allegation in the preceding paragraphs of this Petition.

46.  PIIC owed a duty to Peppers Ranch to deal fairly and in good faith.

47.  PIIC breached its duty to deal fairly and in good faith with Peppers Ranch by failing to pay the amounts due and owing in accordance with the terms of the Policy, failing to pay all coverages due and owing, wrongfully and intentionally withholding benefits due and owing, hiring biased and employing biased contractors and adjusters, unfairly and untimely generating improper basis for withholding benefits due and owing, and reducing the amount of benefits due and owing through improper conduct and actions.

48.  As a direct and proximate result of the acts complained of PIIC herein, Peppers Ranch has sustained damages allowed by law, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interest.

49. The actions and conduct of PIIC, its agents, representatives and contractors were made with reckless disregard for the rights of Peppers Ranch and/or were done with intent and malice and therefore Peppers Ranch is entitled to punitive damages.

## COUNT III: NEGLIGENCE IN THE PROCUREMENT OF INSURANCE AS TO DEFENDANT RCI

50. Peppers Ranch adopts and incorporates each and every allegation in the preceding paragraphs of this Petition.

51. Prior to the Loss, RCI was familiar with operations of Peppers Ranch.

52. Peppers Ranch hired RCI to assist in procuring insurance for their insurance needs, and for renewal of their insurance needs.

53. RCI, through their agents, advised Peppers Ranch of the amount and type of insurance to purchase, and submitted information concerning the Insured Property to PIIC for consideration and approval.

54. Peppers Ranch relied on the representations of RCI and its agents in purchasing insurance coverage and completing the necessary applications and providing the requested information necessary to obtain insurance coverage.

55. RCI procured the Policy at issue and acted as an agent and/or ostensible agent of PIIC at all times relevant to this action.

56. RCI owed a duty to Peppers Ranch to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Peppers Ranch, and in the provision of information to PIIC necessary to obtain insurance.

57. RCI had a duty to inform Peppers Ranch of all coverage, benefits, limitations, and requirements for coverage and exclusions for coverage.

58.    RCI and its agents breached its duty owed to Peppers Ranch and is liable to Peppers Ranch because and through the fault of RCI and its agents, the insurance requested, and the insurance paid for by Peppers Ranch was not procured and Peppers Ranch suffered a loss.

59.    RCI breached its duty to Peppers Ranch as RCI procured insurance which did not serve to actually represent the proper valuation and replacement cost of the Insured Property, did not accurately reflect the replacement cost of the Insured Property, and did not provide the coverage requested by Peppers Ranch.

60.    RCI was negligent and breached its duty owed to Peppers Ranch by failing to monitor and review the Policy procured for Peppers Ranch to ensure it provided appropriate and accurate coverage and information for the Insured Property.

61.    As a direct and proximate result of the acts complained of RCI herein, Peppers Ranch has sustained damages allowed by law, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interest.

62.    The actions and conduct of RCI, its agents, representatives and contractors were made with reckless disregard for the rights of Peppers Ranch and/or were done with intent and malice and therefore Peppers Ranch is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Peppers Ranchb, Inc. requests judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, and attorneys' fees, and any other relief this Court deems just and equitable.

J. MARK McALESTER, OBA #18104
Fenton Fenton Smith Reneau & Moon
211 N. Robinson, Ste. 800N
Oklahoma City, OK 73102
Phone: 405.235.4671/ Fax: 405.235.5247
E-mail: jmmcalester@fentonlaw.com
**ATTORNEYS FOR PLAINTIFF**